UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JESSE JAMES CASTON** | * | **CIVIL ACTION NO.  09-1119** |
| | | **SEC. P.** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **N. BURL CAIN, WARDEN** | * | **MAG. JUDGE KAREN L. HAYES** |

## ORDER

Before the court is a document entitled "Motion for Declaratory Judgment and Issuance of Writ of Habeas Corpus" [doc. # 23] filed by pro se petitioner Jesse James Caston.  [doc. # 23].[1]  Although this motion is denominated as a motion for declaratory judgment under Federal Rule of Civil Procedure 57, it is manifest that petitioner is requesting a Clerk's entry of default under Rule 55 as a result of the state's *perceived* failure to timely respond to the petition.  *See* Motion [doc. # 23].  Accordingly, the court will construe and consider plaintiff's motion as such.

Nonetheless, it is equally apparent that plaintiff's motion is premised upon the misconception that the state has failed to file a response.  A review of the docket sheet, however, confirms that on March 29, 2010, the state did, in fact, timely answer plaintiff's petition.  *See* Answer to Writ of Habeas Corpus [doc. # 21].  Furthermore, the state attached a sworn certificate of service, affirming that it served petitioner with a copy of its response.  *Id*., pg. 5.

Under these circumstances, default is not warranted, see Fed.R.Civ.P. 55; therefore, petitioner's motion for entry of default, styled as a "Motion for Declaratory Judgment and Issuance of Writ of Habeas Corpus" [doc. # 23] is hereby DENIED.  However, because it is

---

[1] As this matter is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

apparent that plaintiff never received a copy of the state's answer, the Clerk of Court is directed to forward him a copy of the answer [doc. # 21]. Petitioner shall have 20 days from the date of this order to file any response thereto. *See* February 9, 2010, Memorandum Order.

    IT IS SO ORDERED.

    THUS DONE AND SIGNED at Monroe, Louisiana, this 28th day of April 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE