UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JESSE JAMES CASTON | CIVIL ACTION NO. 09-1119 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BURL CAIN, WARDEN | MAG. JUDGE KAREN L. HAYES |

# RULING

Pending before the Court is a Petition for Writ of *Habeas Corpus* [Doc. No. 1] filed by *pro se* Petitioner Jesse James Caston ("Caston"), pursuant to 28 U.S.C. § 2254. On September 20, 2010, the Magistrate Judge issued a Report and Recommendation [Doc. No. 27] in which she recommended that the Court deny his Petition and dismiss his claims. On October 7, 2010, Caston filed objections.

Having fully considered the Report and Recommendation of the Magistrate Judge and after a *de novo* review of the record in this matter, including Caston's objections, and finding that the Magistrate Judge is correct, the Court ADOPTS the Report and Recommendation to the extent consistent with this additional analysis.

Caston's Petition is limited to two claims: (1) whether his Fifth, Sixth, and Fourteenth Amendment rights were violated because he was allegedly coerced by state actors into entering a guilty plea and (2) whether his Sixth and Fourteenth Amendment rights were violated because he entered a guilty plea as a result of allegedly ineffective assistance of counsel.

In his objections on the first claim, Caston contends that the Magistrate Judge misstated his argument. He argues that it was not merely District Attorney Buddy Caldwell's ("Caldwell") restrictions of his mail, telephone, and visitation privileges that unlawfully coerced him into

pleading guilty. He contends that it was the combination of Caldwell's alleged policy of depriving all indigent defendants of telephone, mail, and visitation privileges until they pled guilty; the fact that his younger brother had recently died, and he wanted to talk to his family; that his attorney admitted that he had not been working on his indigent cases, was unprepared for trial, and had not subpoenaed witnesses; and that the trial court had denied a continuance.[1] Thus, he contends that it was not only the restrictions, but this combination of factors that pushed him to the point that he wanted to "get [it] over with" by pleading guilty, resulting in an involuntary guilty plea.[2]

Generally, a federal district court's review in a *habeas* proceeding is limited to those claims fairly presented by the petitioner to the highest state court for review. *See* 28 U.S.C. § 2254(d). Regarding his claim that the trial judge improperly denied a continuance of trial, Caston now asserts that the judge was involved in some type of conspiracy to coerce his guilty plea. He has not fairly presented this claim to the state court, nor does such a claim appear to be encompassed by the claims that were presented to the state court. However, this claim would now be technically exhausted because any state habeas proceeding would be untimely. *Coleman*

---

[1] To the extent that Caston contends that his attorney's alleged lack of preparation constituted state action, he is incorrect. *See generally Polk Cty. v. Dodson*, 454 U.S. 312, 324-25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Caston did not include his attorney's lack of preparation as part of his coercion claim presented in state court. However, Caston's allegations about his attorney are addressed as presented to the state court: that counsel's ineffective assistance resulted in his involuntary guilty plea.

[2] He also contends that the Magistrate Judge failed to cite the testimony where he said that he was allowed visitation for one month behind a screen, but then all visitation stopped. However, the Magistrate Judge stated that Caston had misled the Court when he stated he had "no visitation," implying that he had no visitation at any time during his pre-trial confinement. Judge Crigler stated in his Judgment on Caston's Petition for Post-Conviction Relief that "it is unclear whether all visits were interrupted **for a time**." [Doc. No. 3, Exh. 12 (emphasis added)].

*v. Thompson*, 501 U.S. 722, 750-51 (1991) ("[F]ederal habeas review of the technically exhausted claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."); *see also Jones v. Jones*, 163 F.3d 285 (5th Cir.1998). There is no evidence in the record to show cause for Caston's failure to present this claim to the state court, nor to demonstrate that failure to consider the claim would result in a fundamental miscarriage of justice. Nevertheless, the Court agrees with the Magistrate Judge that it is also appropriate to deny relief on the merits in this case.

In claim #4 of the Supplemental Petition for Post Conviction Relief submitted to the state court, Caston argued that it was discriminatory for defendants who are detained to have privileges taken away while those on bail do not. This claim is not the same as that presented to this Court: that Caldwell had a policy of refusing to allow any indigent defendants to have telephone, visitation, and mail privileges until they pled guilty. Thus, it is not entirely clear whether the claim was exhausted. However, the Court's concern in reviewing this *habeas* petition is the facts surrounding the restrictions on Caston, not the civil and constitutional rights of all detainees. The facts, as recounted by the trial court, and to which this Court must give a presumption of correctness, indicate that Caston was subjected to certain restrictions because he was a high-security risk and allegedly had intimidated witnesses through the prison telephone system. *See Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001) (pursuant to § 2254(e)(1), state court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence).

Additionally, there are no facts to show that Judge John Crigler denied a requested continuance in some type of conspiracy to force a confession. Judge Crigler noted in his

3

Judgment on Caston's motion for post-conviction relief that, during the criminal trial, Judge Crigler could not discuss Caston's allegations about the restrictions because Caston had already filed a complaint at Angola and had a pending civil suit in East Carroll Parish regarding these allegations.

For the reasons stated by the Magistrate Judge and for the further reasons stated in this Ruling, the Court finds that, on the first claim, Caston has not rebutted Judge Crigler's factual findings with clear and convincing evidence. *See* 28 U.S.C. § 2254(e). The Court further finds Caston has not shown the state court's habeas findings of fact were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, nor has he shown that the state court's conclusions of law as to the voluntariness of his guilty plea were contrary to, or involved an unreasonable application of, clearly established federal law.[3]

With regard to the second claim, Caston objects that the Magistrate Judge improperly analyzed his ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S.

---

[3] The state court implicitly found Caston's guilty plea was voluntary when it ruled that Caston's due process rights were not violated in any manner which forced him to enter the guilty plea. It appears that Caston raised only Fourteenth Amendment due process concerns to the state court and not Fifth or Sixth Amendment concerns.

Even if Caston had presented these arguments to the state court, his first claim does not appear to raise Fifth and Sixth Amendment concerns. The Fifth Amendment protects an individual from self-incrimination and from double jeopardy. *See* U.S. CONST. amend. V. The Sixth Amendment protects a defendant's right to counsel in a criminal prosecution, as well as his right to a jury trial. U.S. CONST. amend. VI. To the extent that Caston contends that he was "forced" to incriminate himself and denied his right to a jury trial, his first claim lacks merit for the reasons set forth above.

Under the Sixth Amendment, a guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). However, Caston's second claim, not his first, raises Sixth Amendment concerns based on ineffective assistance of counsel.

668 (1984). Caston is correct that, in the context of a defendant's decision to plead guilty, the Supreme Court, relying on *Strickland*, has stated that a defendant (or petitioner) must demonstrate that his "'counsel's representation fell below an objective standard of reasonableness'" and that he was prejudiced by his poor performance, or that "there is a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985) (quoting *Strickland*, 466 U.S. at 688). However, the Magistrate Judge's failure to cite the *Hill* case does not affect the validity of her analysis. *Hill* simply expounded upon *Strickland* because the "prejudice" contemplated in *Strickland* in the context of a guilty plea is that "but for" counsel's errors, the defendant would not have pled guilty.

For the reasons stated by the Magistrate Judge, adopted herein, the Court finds that, under *Strickland* and *Hill*, Caston is not entitled to relief on his second claim as well. Caston has not shown the state court's habeas findings of fact were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, nor has he shown that the state court's conclusions of law as to the voluntariness of his guilty plea were contrary to, or involved an unreasonable application of, clearly established federal law.

Accordingly, Caston's Petition is DENIED, and his claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this ___3___ day of ___January___, 201_1_.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE