UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JESSE JAMES CASTON** | **CIVIL ACTION NO. 09-1119** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WARDEN, LOUISIANA STATE PENITENTIARY** | **MAG. JUDGE KAREN L.HAYES** |

### MEMORANDUM ORDER

Petitioner Jesse James Caston ("Caston") is serving a life sentence which was imposed immediately after he pled guilty to one count of second degree murder on August 16, 2004.

Caston previously filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. He asserted two claims for relief: (1) that his Fifth, Sixth, and Fourteenth Amendment rights were violated because he did not "'voluntarily nor intelligently waive his rights and enter a plea of guilty where same was obtained via coercion by state actors, and but for such tactic petitioner would not have plead guilty[,]'" and (2) he "'did not voluntarily nor intelligently enter his plea of guilty which was obtained due to ineffective assistance of counsel in violation of petitioner's rights under the [Sixth] and [Fourteenth] Amendments.'" [Doc. # 12, p. I.][Doc. No. 27, p. 3 (quoting [Doc. # 12, p. I.])]. More specifically, with regard to the first claim, Caston argued that District Attorney Buddy Caldwell's ("Caldwell") restrictions of his mail, telephone, and visitation privileges; the fact that his younger brother had recently died, and he wanted to talk to his family; that his attorney admitted that he had not been working on his indigent cases, was unprepared for trial, and had not subpoenaed witnesses; and that the trial court had denied a continuance all coerced him into an involuntary guilty plea. With regard to the second claim,

Caston contended that his counsel was ineffective because he was unprepared for trial, he had not subpoenaed any witnesses on behalf of petitioner, and, unless Caston pled guilty, he would have been forced to go to trial with no witnesses.

On September 20, 2010, Magistrate Judge Karen L. Hayes issued a Report and Recommendation, recommending that the Court dismiss Caston's Petition. [Doc. No. 27]. On October 7, 2010, the Clerk of Court received and filed in the record Caston's objections [Doc. No. 28] to the Report and Recommendation.

On January 4, 2011, after reviewing the entire record in this matter, including Caston's objections, the Court issued a Ruling [Doc. No. 32], adopting the Report and Recommendation of the Magistrate Judge, but including additional analysis. The Court then issued a Judgment [Doc. No. 33] dismissing Caston's habeas petition. The Court denied a certificate of appealability. [Doc. No. 34].

On appeal, the United States Court of Appeals for the Fifth Circuit denied a certificate of appealability. [Doc. No. 40].

Now, Caston has filed the instant motion seeking relief under Rule 60(b)(6) and a request for an evidentiary hearing. [Doc. Nos. 41 & 42]. The State has filed a memorandum in opposition to the motion. [Doc. No. 45].

A Rule 60(b) motion may be construed as a second and successive *habeas* petition under 28 U.S.C. § 2254. A Rule 60(b) motion actually asserts a *habeas* claim "when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, . . . or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits." *Ruiz v. Quarterman*, 504 F.3d 523, 526

(5th Cir. 2007).

Caston relies on the Fifth Circuit's recent decision in *Coleman v. Goodwin*, No. 14–30785, 2016 WL 4363330 (5th Cir. Aug. 15, 2016), to support his argument that Rule 60(b)(6) provides a vehicle for further court review. In *Coleman*, the Fifth Circuit considered the *Martinez/Trevino* exception to the procedural-default doctrine:

> "[W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim" by showing that (1) the underlying - ineffective-assistance-of-trial counsel claim is substantial and (2) the prisoner received ineffective assistance of counsel in state habeas proceedings. *Martinez[v. Ryan]*, 132 S.Ct. [1309,] 1318 [2012]. In *Trevino [v. Thaler*, 133 S. Ct. 1911 (2013)], the Court expanded the *Martinez* rule by replacing its formal, bright-line test with a functional test. Under *Trevino*, 133 S.Ct. at 1921, the *Martinez* rule applies in states "where ... [the state's] procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal. . . . " The *Trevino* Court determined that Texas's procedural framework made it unlikely that most litigants had a meaningful chance to raise ineffective-assistance-of-trial-counsel claims on direct appeal, so Texas prisoners can benefit from the *Martinez* rule. *Id.*

2016 WL 4363330 at * 2. The *Coleman* Court then concluded "that Texas and Louisiana are materially similar, so *Martinez* and *Trevino* apply in Louisiana." *Id.* at *3.

In Caston's case, the Court did not rely on procedural default in its ruling on his § 2254 habeas petition. The Court clearly stated:

> There is no evidence in the record to show cause for Caston's failure to present this claim to the state court, nor to demonstrate that failure to consider the claim would result in a fundamental miscarriage of justice. Nevertheless, the Court **agrees with the Magistrate Judge that it is also appropriate to deny relief on the merits in this case.**

[Doc. No. 32, p. 3 (emphasis added)]. The Court then went on to consider Caston's substantive arguments.

3

The issues raised in Caston's Rule 60(b) motion have been fully litigated, and the recent *Coleman* decision is inapplicable. To the extent that he seeks further review of the claims previously considered by this Court, he has attempted to file a second and successive petition. Accordingly,

IT IS ORDERED that Caston's motions [Doc. Nos. 41 & 42] are DENIED. Caston may seek redress by filing a motion for authority to file a second or successive *habeas* petition in the Fifth Circuit.

MONROE, LOUISIANA, this 7th day of October, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE