UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JESSE JAMES CASTON** | **CIVIL ACTION NO. 09-1119** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WARDEN, LOUISIANA STATE PENITENTIARY** | **MAG. JUDGE KAREN L.HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is Petitioner Jesse James Caston's ("Caston") motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) [Doc. No. 47]. Caston moves the Court to set aside its October 7, 2016 Memorandum Order [Doc. No. 46].

Because a Rule 59(e) motion "calls into question the correctness of a judgment," *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002), it "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Instead, the Fifth Circuit instructs that "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citations omitted).

Having reviewed and considered Caston's motion, the Court finds no manifest errors of law and fact in its previous order. Accordingly,

IT IS ORDERED that Caston's motion [Doc. No. 47] is DENIED.

MONROE, LOUISIANA, this 21st day of October, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE